Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| BRANDON PETERSON,<br><br>Plaintiff,<br><br>vs.<br><br>QUALITY COLLECTIONS LLC, TERRY PILON, and JOHN DOES 1 -3,<br><br>Defendants. | **COMPLAINT**<br><br>*Jury Trial Demanded*<br><br>Case Number:<br>Judge: |

JURISDICTION AND VENUE

1. This action arises from Defendant's violations of the Fair Credit Reporting Act (FDCPA) 15 U.S.C. § 1681, *et seq.*, the Utah Consumer Sales Practices Act (UCSPA) Utah Code Ann. § 13-11-1 *et seq.*

2. Jurisdiction in this case is founded upon 28 U.S.C. § 1331, § 1367, and 15 U.S.C. § 1681 *et seq*. which grant the United States District Courts jurisdiction to hear this action without regard to the amount in controversy.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and transactions giving rise to Plaintiff's claims occurred within this federal judicial district and because the Defendant's conduct business and reside in the State of Utah within the meaning of 28 U.S.C. § 1391(b) and (c).

4. This Court has personal jurisdiction over the Defendant in this case because it has continuous and systematic contacts with the State of Utah including, but not limited to, residing in Utah, regularly conducting business in Utah, enforcing consumer transactions in Utah, entering into agreements with Utah consumers, contacting and communicating with consumers in Utah and others by telephone, email, Internet communications, and other instruments of interstate commerce, and by availing themselves of the benefits of the Utah legal and judicial systems.

## PARTIES

5. The Plaintiff is a natural person who resides in Davis County, Utah and was directly harmed by the Defendant's conduct and violations complained of herein.

6. Defendant Quality Collections LLC is a limited liability company operating a debt collection agency throughout the State of Utah.

7. Defendant Terry Pilon is an individual and an agent, principal, owner, member, or manager of Defendant Quality Collections.

8. The John Doe Defendants are either individuals or companies acting as agents, principals, owners, members, managers, or otherwise conspired with and supported the other Defendants as discussed herein.

9. Each of the Defendants regularly collect past due debt from Utah consumers and have been doing so since at least 2011.

10. At all times relevant to this case, Quality Collections regularly received assignments of past due debt for collections.

11. At all relevant times, Defendant Quality Collections acted through duly authorized agents such as Terry Pilon and the John Doe Defendants who it

expressly authorized to appear in court, collect debt on behalf of others, and make the representations, threats, and implications discussed herein.

12. Plaintiff's purchase and installment of the fence is a "consumer transaction" as defined by Utah Code Ann. § 13-11-3(2).

13. The court judgment at issue is a "consumer transaction" as defined by Utah Code Ann. § 13-11-3(2) and a "debt" as defined by the FDCPA under 15 U.S.C. § 1692a(5).

14. Because they regularly solicit, enter, negotiate, and enforce consumer agreements and act in connection with consumer agreements, Defendants are each a "person" as defined in Utah Code Ann. § 13-11-3(5), and a "supplier" as defined in Utah Code Ann. § 13-11-3(6).

## FACTUAL ALLEGATIONS

15. Sometime in 2019 Plaintiff hired Affordable Fence to install a fence on his property for his personal, family, or household purposes.

16. Sometime after Plaintiff hired Affordable Fence to install the fence, Affordable Fence represented that payment for the fence was past due and proceeded to sue Plaintiff to recover the debt.

17. Affordable Fence then filed a lawsuit against Plaintiff in the small claims court (Case No. 208000057 SC) in Farmington, Utah to collect the debt.

18. Judgment in the amount of $4,876.10 was entered against Plaintiff in the small claims case on February 18, 2021.[1]

19. The small claims judgment is a "debt" as defined by the FDCPA.

---

[1] Small Claims Court Judgment, February 18, 2021

20. The alleged debt was assigned to the Defendants for collection on February 18, 2021; the same day the judgment was entered by the court.

21. At all times relevant to this case none of the Defendants were duly registered or bonded with the State of Utah as required by Utah Code Ann. § 12-1-1 *et seq*.

22. Operating a collection agency without either the required registration or bond, or violating any other provision of the Title 12 of the Utah Code, is a class A misdemeanor.[2]

23. Because they were not duly registered or bonded with the State of Utah, the assignment from Affordable Fence to Quality Collections was void and illegal.[3]

24. Under the agreement between the Affordable Fence and the Defendants, Defendants added a collection fee that was dependent on the amount collected but is structured to allow Defendants to collect more than 40% of the debt.

25. Utah law prohibits debt collectors from collecting more than 40% of the debt owed.[4]

26. After it was assigned to them for collection, Defendants pursued enforcement and collection of the debt against the Plaintiff in the small claims court (Case No. 208000057 SC) in Farmington, Utah.

27. Defendants appeared in court, filed motions with the court, advocated various positions in the case, negotiated in court with the Plaintiff at a

---

[2] Utah Code Ann. § 12-1-6
[3] Utah Code Ann. § 12-1-8
[4] Utah Code Ann. § 12-1-11(2)(b)

supplemental proceeding, and took other steps to enforce the judgment and to enter into a settlement agreement to force Plaintiff to pay the debt.

28. Under Utah law debt collection agencies may not represent themselves in court. On the contrary, "All legal processes, pleadings, and court representations shall be prepared and conducted by a duly licensed attorney."[5]

29. None of the Defendants are licensed attorneys. Defendants' appearance, representation, filings, and other conduct in the small claims case therefore amounts to the authorized practice of law as strictly prohibited by Utah Code Ann. § 78A-9-103.

30. Utah law also strictly prohibits an assignee of any claim from filing or prosecuting that claim in small claims court.[6]

31. Even though the assignment was invalid and their prosecution of the case in court illegal, Defendants never withdrew from the case or refunded any of Plaintiff's money.

32. In attempting to collect the alleged debt Defendants also:

   32.1. added an illegal collection fee that violates the maximum amount allowed by Utah law;

   32.2. communicated by text message at 6:25 on a Sunday morning—a time it knew to be unusual and inconvenient to the Plaintiff;

   32.3. represented or implied they were duly authorized by the court, the original creditor, the State of Utah, and others to collect the debt;

---

[5] Utah Code Ann. § 12-1-8
[6] Utah Code Ann. § 78A-8-103

32.4. represented they were legally capable and authorized to pursue the collection lawsuit in the small claims court even though they were not;

32.5. represented that they filed a lien on Plaintiff's home even though no such lien was ever filed;

32.6. represented that it filed with Utah's Department of Workforce Services to obtain his employment information so it could garnish his wages even though no such filing ever occurred and could not lawfully occur;

32.7. represented that they served legal process on Plaintiff when they did not;

32.8. threatened to seize Plaintiff's exempt property;

32.9. declared under oath and penalty of perjury that certain property of the Plaintiff's was subject to execution, not exempt, and that no other person had any interest in that property;

32.10. filed a blank Reply and Request for Hearing under Defendant's name; and

32.11. attempted to use the Utah court and law enforcement systems to seize Plaintiff's exempt property.

33. Upon information and belief, Defendants made no effort whatsoever to determine whether any of Plaintiff's property was exempt from execution under the Utah Exemptions Act.

34. In the alternative and upon information and belief, whatever effort Defendants made to determine whether any of Plaintiff's property was exempt from execution were not reasonable under the circumstances.

35. Upon information and belief, none of the Defendants are authorized by the Utah's Department of Workforce Services to obtain employment information about others even though such authorization is required by law and regulation.

36. In attempting to collect the debt Defendants also represented the amount of the debt due was $6,729.02.

37. The amount of $6,729.02 was never due for the alleged debt.

38. In attempting to collect the alleged debt Defendants also sent Plaintiff multiple text messages that did not include the required mini-Miranda warning that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.[7]

39. Defendants also maliciously mocked, abused, and harassed Plaintiff in at least one text message where it stated using an emoji laughing so hard it is crying, "Lol. You can run, but you can't hide."

40. In that same string of text messages, Defendant continued maliciously abusing, harassing, and mocking Plaintiff by making false threats and representations and other illegal and offensive statements and accusations.

41. At all relevant times, Plaintiff was never "playing games" with the Defendants or engaging in an "antics" to avoid paying the debt.

42. Upon information and belief Defendants made other false, deceptive, malicious, and unconscionable representations and engaged in other false, deceptive, and unconscionable actions to collect the debt.

---

[7] 15 U.S.C. § 1692e(11)

43. Each of the text messages, letters, court representations, and other conveyances of information Defendants made were "communications" under the FDCPA.[8]

44. At all relevant times Defendant Quality Collections was acting through its agents, servants, employees, principals, or others acting within the course and scope of their agency or employment; such as Terry Pilon, the John Doe Defendants, and others.

45. At all relevant times the Defendants' conduct was intentional, willful, reckless, and in grossly negligent disregard for federal and state law and the Plaintiff's rights.

46. As a result of Defendant's conduct, Plaintiff incurred attorney's fees and costs to resolve the small claims case and he suffered concrete and actual personal injury damages.

47. Plaintiff's damages also include, *inter alia*; invasion of privacy, damage to his reputation and standing in the community, damages to his government security clearance, intrusion upon his seclusion, emotional distress, humiliation, stress, anxiety, frustration, confusion, panic, headaches, sleeplessness, irritability, and other personal injuries and emotional distress.

48. Plaintiff's injuries are particularized and concrete but difficult to quantify as the value of those damages are ultimately a jury decision.

## COUNT I
**Fair Debt Collection Practices Act**
*15 U.S.C. § 1692 et seq.*

49. Plaintiff hereby incorporates all other allegations set forth herein.

---
[8] 15 U.S.C. § 1692a(2)

50. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."[9]

51. "The FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors."[10] It prohibits, and imposes strict liability and both statutory and actual damages for, a wide range of abusive and unfair practices.[11]

52. Whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of an "unsophisticated consumer."[12] The standard is an objective one—whether the plaintiff was misled is not an element of a cause of action.[13] "The question is …whether an unsophisticated consumer would have been misled."[14]

53. The unsophisticated consumer would interpret and Plaintiff did interpret the Defendants' conduct as misleading, deceptive, abusive, unlawful, and unconscionable.

54. The representations, threats, and implications Defendants made in the lawsuit against the Plaintiff were false, deceptive, unfair, and misleading

---

[9] 15 U.S.C. § 1692(e)
[10] *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1171 (9th Cir.2006)
[11] *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010)
[12] *Avila v. Rubin*, 84 F.3d 222, 227 (7th Cir. 1996); *Gammon v. GC Services, LP*, 27 F.3d 1254, 1257 (7th Cir. 1994)
[13] *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997)
[14] *Beattie v. D.M. Collections Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991)

and were made for the purpose of forcing Plaintiff into paying a debt he did not owe.

55. Plaintiff was confused and intimidated by Defendants' false, misleading, deceptive, and unfair representations, threats, and implications.

56. An unsophisticated consumer would be confused and intimidated by Defendants' false, misleading, deceptive, and unfair representations, threats, and implications.

57. Plaintiff had to engage an attorney to defend him from the Defendants' false, misleading, deceptive, and unfair representations, threats, and implications.

58. The representations, implications, demands, threats, conduct, actions, and omissions by which the Defendants collected the alleged debt caused Plaintiff damages as described herein and were violations of numerous and multiple provisions of the FDCPA, including, but not limited to; 1692c(a)(1), 1692d, 1692d(1), 1692d(2), 1692d(6), 1692e, 1692e(1), 1692e(2)(A), 1692e(2)(B), 1692e(3), 16192e(4), 1692e(5), 1692e(6)(A), 1692e(6)(B), 1692e(8), 1692e(10), 1692e(11), 1692e(12), 1692e(13), 1692f, and 1692f(1), 1692f(3), amongst others.

59. As a result of the Defendants' violations of the FDCPA as discussed herein, Plaintiff suffered concrete actual damages as described herein and is entitled to an award against the Defendants jointly and severally for causing those damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2); and attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

COUNT II
**Utah Consumer Sales Practices Act**
*Utah Code Ann. § 13-11-1 et seq.*

60. Plaintiff hereby incorporates all other allegations set forth herein.

61. The Utah Consumer Sales Practices Act was enacted to "protect consumers from suppliers who commit deceptive and unconscionable sales practices" and to "recognize and protect suppliers who in good faith comply with the provisions of this act."[15]

62. Under its plain language the UCSPA "shall be construed liberally" in the consumer's favor to promote those policies.[16]

63. The UCSPA protects consumers from deceptive acts or practices whether they occur before, during, or after the consumer transaction.[17]

64. Defendants knowingly and intentionally made the representations and threats discussed herein that were false, deceptive, malicious, and unconscionable.

65. Defendants knowingly and intentionally violated statutes pertaining to the operation and registration of debt collection agencies, assignments of debts, collection fees, appearances in court, obtaining writs of execution, filing liens, and other similar statutes discussed herein.

66. Defendants knowingly and intentionally charged Plaintiff for transactions he did not agree to pay.

67. Defendants other knowing and intentional conduct, threats, representations, and other actions discussed herein also constitutes violations of the Utah Consumer Sales Practices.

---

[15] Utah Code Ann. § 13-11-2
[16] *Id.*
[17] Utah Code Ann. 13-11-4(1)

68. By knowingly or intentionally engaging in the conduct described herein, each of the Defendants violated Utah Code Ann. §§ 13-11-4 and 13-11-5 which prohibit deceptive or unconscionable acts or practices in connection with a consumer transaction.

69. The Defendant' knowing or intentional representations, implications, demands, threats, actions, omissions, and communications as discussed herein constitute numerous and multiple violations of the Utah Consumer Sales Practices Act against the Plaintiff.

70. Defendants' conduct described herein was unconscionable as it was willful and malicious, intentionally fraudulent, or manifested a knowing and reckless indifference toward, and a disregard of, the rights of the Plaintiff.

71. Defendants knew or should have known their conduct was unconscionable, unlawful, deceptive, fraudulent, and malicious.

72. By engaging in the conduct described herein, the Defendant exercised a gross inequality of bargaining power and deprived Plaintiff of any meaningful choice.

73. No decent, fair-minded person would view the Defendant's conduct, or the lack of any meaningful choice that conduct created, without being possessed of a profound sense of injustice.

74. As a result of each of Defendants' violations of the UCSPA, Plaintiff suffered the concrete actual damages described herein and requests this Court for an award against Defendants, jointly and severally, for actual and punitive damages in an amount to be proven at trial, and for all other

relief which Plaintiff may be entitled pursuant to Utah Code Ann. § 13-11-19 and Utah Code Ann. §78B-8-201.

## COUNT III
**Unjust Enrichment**

75. Plaintiff hereby incorporates all other allegations set forth herein.

76. Defendants never owed the debt to the Defendants.

77. Defendants were never legally authorized to collect the debt or receive payment for the debt.

78. Defendants nonetheless represented to the court and Plaintiff that they were entitled to payment of the debt.

79. As a result of Defendant's representations, Plaintiff paid the debt to Defendants approximately $4,500.00 and thus conferred a benefit upon Defendants they were not entitled to receive.

80. Defendants retained that benefit under circumstances that make it unjust and inequitable for them to continue retaining that benefit without repaying it to the Plaintiff.

81. Plaintiff is therefore entitled to an award of his actual damages and court costs against all the Defendants jointly and severally for their inequitable and unjust retention of those benefits.

## COUNT VI
**Fraud**

82. Plaintiff hereby incorporates all other allegations set forth herein.

83. Defendants knowingly and intentionally made fraudulent representations of facts about their legal ability to; collect debt, appear in the small claims court, execute on Plaintiff's exempt property, garnish Plaintiff's wages,

solicit and receive payment for the debt, and place a lien on Plaintiff's home.

84. Defendants knowingly and intentionally made fraudulent representations, implications, and omissions about the amount of the debt, service of process, the amounts they could charge to collect the debt, and the assignment of the debt.

85. Defendants knowingly and intentionally made other fraudulent representations, implications, demands, threats, actions, omissions, and communications as discussed herein.

86. Plaintiff and the court relied on Defendants' fraudulent representations and as a result Plaintiff incurred the damages discussed herein.

87. Plaintiff and the court were both ignorant to the falsity of Defendants' fraudulent representations when they acted upon them.

88. Defendants never did anything to correct their fraud.

89. Defendants never withdrew from the small claims case, never obtained the required registration and bond, and never refunded the money they unlawfully collected from the Plaintiff.

90. Even after Defendants were informed by the court they could not legally prosecute the case, Defendants nonetheless continued fraudulently prosecuting the assigned debt in small claims court and as a result obtained payment from the Plaintiff of $4,500.00 it was never entitled to collect.

91. Upon information and belief, Defendants knowingly and intentionally engaged in other fraudulent representations, omissions, and implications that Plaintiff and the court relied on without knowing it was fraudulent.

92. In all respects, Defendants each participated, allowed, concealed, ratified, and benefitted from the fraud perpetrated by their fellow Defendants.

93. Each of Defendants' fraudulent implications, representations, and omissions was made by Defendants to induce the court, Plaintiff, or others into acting on its behalf.

94. Each of Defendants' fraudulent implications, representations, and omissions were material as they formed the basis for the court allowing Defendants to prosecute the case against Plaintiff and in coercing Plaintiff into paying them amounts they were not lawfully entitled to collect.

95. Defendants are therefore jointly and severally responsible for the harm their fraudulent representations and conduct caused to the Plaintiff.

96. Plaintiff's injuries discussed above all resulted from the Defendants' fraud.

97. Defendants' fraudulent communications were all made or omitted intentionally, knowingly, or with a reckless disregard for the truth.

98. Because of Defendants' fraud Plaintiff was harmed as discussed above and is entitled to an award of his actual damages, punitive damages, and court costs against all the Defendants jointly and severally.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests judgment against Defendant jointly and severally as follows:

99. For an award of actual and statutory damages of at least $150,000.00;

100. For an award of punitive damages of at least $150,000.00;

101. For reimbursement of the $4,500.00 that unjustly enriched the Defendants;

102. For an award of Plaintiff's attorney's fees and costs;

103. For pre-judgment and post judgment interest at the legal rates;

104. For appropriate injunctive relief;

105. For leave to amend this Complaint as the interests of justice may allow; and

106. For such other and further additional relief as may be determined to be appropriate and as the Court may find just, equitable, and proper.

### JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

DATED 2/17/2022

Eric Stephenson
*Attorney for the Plaintiff*