Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| BRANDON PETERSON,<br><br>     Plaintiff,<br><br>vs.<br><br>QUALITY COLLECTIONS LLC, TERRY PILON, and JOHN DOES 1-3,<br><br>     Defendants. | **MOTION TO AMEND COMPLAINT**<br><br><br>Case Number: 1:22-cv-00024<br>Judge: Bruce S. Jenkins |

Plaintiff respectfully requests leave from this Court to file the Amended Complaint attached to this request pursuant to Rule 15 of the Federal Rules of Civil Procedure.

ARGUMENT

One of the John Doe Defendants has recently been identified as Denise Pilon. Quality Collections confirmed that fact a few days ago in deposition. It testified that Denise Pilon (aka Denise Tovar, aka Denise Tovar-Pilon) was the true owner of the company even though throughout this case Terry Pilon held himself out as its owner. Now the deposition has revealed the truth about that ownership and other related facts Plaintiff was not aware of until the deposition. It is therefore appropriate to identify Denise Pilon by her true name rather than as a John Doe Defendant.

She allowed Terry Pilon to use her company as his alter ego, she gave him unfettered access to the company bank accounts, authorized him represent the company interests, and allowed him to appear in court and present himself as the owner of the company in those proceedings and to others. She even allowed Terry Pilon to answer discovery requests and appear and testify on behalf of the company. By doing so, she effectively concealed her true involvement in, and acquiescence to, the events of this case.

Now that Denise Pilon has been identified as one of the John Doe Defendants, this Court should grant permission to amend the Complaint. Rule 15 requires this Court to "freely" grant permission to amend the Complaint when justice so requires.[1] The purpose of the Rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[2] As stated by the United State Supreme Court,

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'[3]

Here, the amendments sought are in the interests of justice and will not cause any harm, delay, or prejudice to occur. On the contrary, it would prejudice

---

[1] Fed. R. Civ. P. 15(a)(2)
[2] *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir.1982)
[3] *Foman v. Davis*, 371 U.S. 178, 182 S.Ct. 227, 9 L.Ed.2d 222 (1962)

and harm the Plaintiff if the proposed amendments are not allowed. Amendment could occur after trial but doing so is far less efficient and appropriate and that could actually deprive Denise Pilon of any meaningful opportunity to participate in the case.[4]

Plaintiff simply wants to file the Amended Complaint for the purpose of properly identifying one of the John Doe Defendants as Denise Pilon. She is technically already a Defendant but because Plaintiff was unsure of her identity and level of involvement she was named as a John Doe up to this point.[5] Plaintiff also added appropriate factual averments to explain her involvement in this case and to assure that the newly discovered issue of using the company as Defendants' alter egos is more fully preserved.[6] That way, Plaintiff can pierce the corporate veil later if Quality Collections turns out to be insolvent.

None of these changes are radical or dramatic in any way. Plaintiff is simply trying to assure the correct parties are identified and the correct factual basis for doing so is provided. No new parties are being added and no prejudice to anyone will occur if the changes are allowed. On the contrary, Plaintiff would suffer prejudice if he is not allowed to amend the Complaint because he would be forced to pursue Denise Pilon as a John Doe throughout the remainder of this case and would not be able to properly identify her to a jury despite now knowing she is the proper party to include. That would also confuse the jury and prejudice Denise Pilon as she would have little to no opportunity to defend herself until a verdict is rendered and her identity clarified after trial.

---

[4] Fed. R. Civ. P. 15(b)
[5] Complaint (ECF No. 2)
[6] Amended Complaint

It would also prejudice Plaintiff if he could not properly pursue Denise Pilon for the conduct she was directly responsible for, such as illegally operating without the required registration, allowing Terry Pilon to use her company as his alter ego, and using her company to perpetrate fraud and fraud on the court. She had the power to prevent and stop all of the illegal, deceptive, and fraudulent conduct that occurred in this case but she nonetheless ratified and acquiesced to that conduct.

As for timing, Plaintiff sought to amend within days of discovering the identity of this John Doe Defendant. Up until the deposition from a few days ago he had no other means for determining or verifying the extent of Denise Pilon's involvement in this case and the general company operations that led to Plaintiff's damages. Now her involvement is confirmed.

Furthermore, because Denise Pilon is Terry Pilon's wife, she not only knows about this case but almost certainly anticipated being added. The company was solely in her name for 11 years so she would be hard-pressed to argue she was not aware of this matter. Indeed, it was within days of this case being filed that she suddenly felt the need to finally include Terry Pilon in ownership of the company. The notion that she didn't already know she was one of the John Doe defendants is therefore highly implausible.

There also won't be any delays as a result of the Amended Complaint. Discovery just closed but Plaintiff has already sought to extend it due to this Court's prior abbreviated litigation schedule. Even if this Court does not extend discovery Plaintiff is fully prepared to file dispositive motions to resolve at least some of the uncontested issues in the case. Moving from there to trial will not require any delays outside the normal litigation time frames. Plaintiff can already

establish at least half-a-dozen or more legal violations the Defendants committed. Only one is required to ground liability so it is therefore not necessary to delay dispositive motions to accommodate the Amended Complaint.

## CONCLUSION

Plaintiff is not seeking anything unusual or complicated. He has simply identified one of the John Doe Defendants and seeks to be sure that particular Defendant is properly designated and allowed to participate in the case going forward.

The request is timely, no prejudice or delays would occur by allowing the Amended Complaint, and prejudice would occur if Plaintiff is not allowed to amend. It would also be far more efficient to allow this Amendment now rather than after trial as doing so provides Denise Pilon a more meaningful opportunity to participate in this case and defend her interests and the interests of her company.

For these reasons, Plaintiff respectfully requests leave from this Court to file the Amended Complaint.

DATED 9/2/2022                                              Eric Stephenson
                                                            *Attorney for the Plaintiff*

— 6 —

CERTIFICATE OF SERVICE

    I hereby certify that on 9/2/2022 I served the foregoing MOTION TO AMEND COMPLAINT to Defendants' counsel of record through this Court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*
